Mentz vs. Train et als.

---

## No. 1193.

### Elza B. Mentz vs. Delphine Train et als.

An injunction staying an executory process cannot have the effect of impairing the legal value of the notes and mortgage on which the process had issued.

If the property be seized by the holder of a mortgage inferior in rank, during the pendency of the injunction, and if it be adjudicated to the owner of the ranking mortgage, the adjudicatee has the legal right to retain the amount of his mortgage in satisfaction *pro tanto* of his bid.

APPEAL from the Nineteenth District Court, Parish of St. Mary. Goode, J.

---

*B. F. Winchester* and *A. L. Tucker* for Plaintiff and Appellant.

*P. H. Mentz* for Defendants and Appellees:

An injunction, sued out by the purchaser of real estate, to prohibit his vendor from selling the property under his privilege, does not prevent this vendor from purchasing the property when it is sold later under a junior mortgage, nor retaining his bid in his hands in satisfaction of his mortgage. C. P. 679, 706.

The defendant in injunction obeys and exhausts the writ by abstaining from the sale; the writ only prohibits the acts named in it. C. P. 296.

The tender by the plaintiff of the sum applied to the extinguishment of his valid obligation, is a condition precedent to recovery. 3 L. 544; 21 An. 385; 28 An. 854; 24 An. 324; H. D. p. 610.

Judicial titles will not be disturbed at the suit of one who does not show an injury done to him, and an interest in the result of the suit; nor without an offer of indemnity to the parties sought to be affected. 9 An. 581; 31 An. 840; 30 An. 174.

If a mortgage creditor buys at forced sale the property hypothecated to him, and the sale is afterwards declared null, the mortgage will revive against the property when it goes back into the hands of the original owner. 31 An. 840; 34 An. 565.

"The jurisprudence of this State has long since consecrated the salutary doctrine that courts exist to enforce rights and to redress wrongs, and that they will not lend their aid

to the annulment of titles, where the party seeking their interposition cannot possibly take relief from the granting of the remedy invoked." 6 An. 61, 585; 8 An. 503; 31 An. 840.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff seeks to be recognized as the owner of certain lots of ground in Morgan City, which the defendants hold under an adjudication made in execution of a judgment obtained against the plaintiff by Mrs. Mary J. Carlin.

He charges the nullity of this adjudication on numerous grounds, which will be better understood in connection with the following facts, which have given rise to this controversy :

Plaintiff acquired the property in 1874, by purchase from Jose Barba, for two thousand dollars, fifteen hundred dollars of which were represented by his three notes of five hundred dollars each, secured by mortgage and vendor's privilege on the property sold.- Executory process was issued by Barba on his mortgage notes in May, 1876, and was enjoined by Mentz in June following; that injunction was dissolved with damages in March, 1878.

While this injunction was pending, Barba's mortgage notes were acquired by Mrs. Mary E. Moore, to whom the property was adjudicated on the 2d of February, 1878, under the execution issued by Mrs. M. J. Carlin on her judgment against E. B. Mentz. The price of the adjudication was $1,960, part of which was paid in cash, for costs and taxes, by the purchaser, who retained the balance in satisfaction of the Barba notes which she owned.

Of the many grounds of nullity urged by plaintiff, one only is sufficiently serious to deserve consideration from a court of justice; it is the following :

It is charged, that when the sale was effected under the Carlin judgment, the injunction staying Barba's proceedings was in full force, and had the legal effect of enjoining the payment of the vendor's notes which were thus paralyzed, and that therefore Mrs. Moore could not legally use them in satisfaction of the price of adjudication.

This proposition cannot be sustained either in law or in fact.

The injunction sued out by Mentz in June, 1876, was merely intended to, and did not in fact, as it could not in law, do more than stay the sale of the property under the executory process.

Previous to the rendition of a judgment making it perpetual and effective, it had no effect on the legal value of the notes and mortgage held by the seizing creditor or his subrogee.

It therefore follows, that on the day of sale under the Carlin judgment, whose binding force was avowedly not affected by the injunction,

the mortgage securing these notes was fully alive, and binding as a ranking incumbrance on the property then offered for sale.

Under the law, no adjudication could have been made in default of a bid sufficient in amount to satisfy that mortgage. C. P. 679, 706.

If the adjudication had been made to a third person, the purchaser would have retained the amount of that privilege and mortgage, which could have subsequently been claimed by Mentz, if he had succeeded in his attempted feat to annul the validity of his purchased notes, or otherwise, the amount retained would have enured to the holder of the notes. But as the adjudicatee happened to be the holder of the notes, can it be pretended that she should have been subjected to a harsher rule and compelled to pay the amount in cash? Evidently not. She retained the amount which the judgment dissolving Mentz's injunction decreed to be hers. At that moment, that the injunction was swept away, she combined the two capacities of debtor and creditor; the law declared the extinction of the obligation by confusion, and thus her title was completed. And thus plaintiff's case is stripped of all foundation. The defendants purchased the property from Mrs. Moore, the true and lawful owner, and their titles were correctly quieted by the judgment of the District Court.

Judgment affirmed.